## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **MICHELLE CLARKE,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action No.** |
| **vs.** | : | |
| | : | |
| **MPC, INC. d/b/a STROKERS,** | : | **Jury Trial Demanded** |
| | : | |
| **Defendants.** | : | |
| | : | |

## COMPLAINT

Plaintiff Michelle Clarke ("Ms. Clarke"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendant MPC, Inc. d/b/a Strokers ("MPC") and shows the Court as follows:

## INTRODUCTION

1.

Ms. Clarke brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et seq.), (hereinafter "the FLSA") to (1) recover due but unpaid minimum wages and an additional like amount as liquidated damages; (2) to recover due but unpaid overtime compensation and an additional like amount

- 1 -

as liquidated damages; and (3) to be reimbursed her costs of litigation, including her reasonable attorney's fees. Ms. Clarke additionally brings claims under 26 U.S.C. § 7434 (fraudulent filing of tax information returns) and seeks to recover (1) no less than $5,000 per violation of 26 U.S.C. § 7434 in the past six years, and (2) her attorney's fees and reasonable costs of litigation.

## JURISDICTION AND VENUE
### 2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

### 3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because MPC is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES
### 4.

Ms. Clarke resides in DeKalb County, Georgia.

5.

MPC employed Ms. Clarke as an exotic dancer or entertainer at its adult night club "Strokers" in Clarkston, Georgia from approximately June 2004 until October 14, 2014.

6.

The primary business of Strokers is to provide customers with entertainment in the form of exotic dancing in the nude or semi-nude. Ms. Clarke's exotic dancer or entertainer job is central to Strokers' business model and very existence.

7.

At all times material hereto, Ms. Clarke was an "employee" of MPC as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

8.

MPC is a corporation organized under the laws of the State of Georgia.

9.

At all times material hereto, MPC was an "employer" of Ms. Clarke as defined in FLSA § 3(d), 29 U.S.C. §203(d).

10.

From on or about October 14, 2011 until October 14, 2014, MPC was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

11.

During 2011, MPC had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

12.

During 2012, MPC had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

During 2013, MPC had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2014, MPC had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

At all times material hereto, two or more employees of MPC, including Ms. Clarke, used or handled the following items that moved in interstate commerce that are necessary for performing its commercial purpose: wine, beer, liquor and other alcoholic products; food and food service items; computers; office furniture and office supplies.

16.

During 2011, MPC had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

17.

During 2012, MPC had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

18.

During 2013, MPC had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

19.

During 2014, MPC had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

20.

During 2011, MPC had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

21.

During 2012, MPC had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

22.

During 2013, MPC had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

During 2014, MPC had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

24.

At all times material hereto, MPC has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

25.

 MPC is subject to the personal jurisdiction of this Court.

26.

MPC may be served with process through its registered agent Alan I. Begner located at 1280 W. Peachtree Street, Suite 230, Atlanta, Georgia 30309.

27.

At all times material hereto, Ms. Clarke was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

28.

At all times material hereto, MPC did not employ Ms. Clarke in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

29.

At all times material hereto, Ms. Clarke was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

30.

At all times material hereto, MPC failed to pay Ms. Clarke an hourly wage.

31.

At all times material hereto, Ms. Clarke's sole form of remuneration for the work she performed for MPC was the receipt of tips from MPC's customers.

32.

MPC required Ms. Clarke to pay a portion of the tips she received directly to MPC in the form of fees and fines.

33.

During the three years prior to the filing of this action, MPC required Ms. Clarke to pay various club fees each shift she worked including bar fees, DJ fees and House Mom fees.

34.

MPC required Ms. Clarke to pay a portion of the tips she received directly to MPC for reasons other than the pooling of tips among employees who customarily and regularly receive tips.

35.

At all times relevant hereto, MPC had established policies and rules concerning, *inter alia*, dancer attire, performance, attendance and scheduling, and interactions with customers, which its dancers were required to follow in order to continue their employment.

36.

At all times relevant hereto, Ms. Clarke followed the established policies and rules set by MPC.

37.

At all times relevant hereto, if Ms. Clarke failed to follow established policies and rules as set by MPC, she was subjected to disciplinary actions, including but not limited to, verbal warnings, imposition of additional fees and fines, suspension, and termination.

38.

At all times relevant hereto, MPC classified Ms. Clarke as an Independent Contractor.

39.

At all times material, as a matter of economic reality, Ms. Clarke was an employee of MPC.

40.

At all times relevant hereto, MPC intentionally and willfully misclassified Ms. Clarke as an Independent Contractor.

41.

During each of the past six years—2009 through 2014 (for the 2008 through 2013 tax years)—MPC has filed Forms 1099-MISC with the Internal Revenue Service categorizing monies earned by Ms. Clarke as nonemployee compensation.

42.

During each of the past six years, MPC has intentionally, willfully, and fraudulently misclassified Ms. Clarke as an independent contractor, when she was at all relevant times an employee.

43.

During each of the past six years, MPC filed these fraudulent Forms 1099-MISC for the purpose of MPC's own enrichment, which included but was not limited to avoiding payment of minimum and overtime wages, avoiding payment of state unemployment taxes, avoiding state and federal payroll tax contributions, and avoiding state workers' compensation taxes.

44.

Additionally, during each of the past six years, MPC has intentionally falsified the *amounts* earned by Ms. Clarke at Strokers in each and every Form 1099-MISC that it filed.

45.

Each of the fraudulent Forms 1099-MISC filed by MPC with the IRS were filed with respect to payments that Ms. Clarke received as income at Strokers during each of those years.

**COUNT I — FAILURE TO PAY MINIMUM WAGE**

46.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

47.

As all times material hereto, Ms. Clarke was misclassified as an independent contractor.

48.

At all times material hereto, Ms. Clarke was an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

49.

MPC failed to inform Ms. Clarke of the provisions of FLSA § 3(m); 29 U.S.C. § 203(m).

50.

From on or about October 14, 2011 through October 14, 2014, MPC intentionally and willfully failed to compensate Ms. Clarke at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

51.

From on or about October 14, 2011 through October 14, 2014, MPC intentionally and willfully failed to compensate Ms. Clarke at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

52.

Ms. Clarke is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

53.

MPC's requirement of illegal kickback fees and fines to be paid by Ms. Clarke to MPC violated the "free and clear" requirement of 29 CFR 531.35. Furthermore, and in the alternative, the imposition of these fines and fees constituted an illegal mandatory tip pool in violation of 29 U.S.C. § 203(m), because these fees and fines were distributed to employees of MPC who do not customarily and regularly receive tips. As a result, Ms. Clarke is entitled to reimbursement of all fees and fines paid to MPC during the three years prior to the filing of this Complaint in addition to all other unpaid wages during the same period.

54.

As a result of Defendant's intentional and willful nonpayment of minimum wages as alleged above, Ms. Clarke is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

55.

As a result of Defendant's intentional and willful nonpayment of minimum wages, MPC is liable to Ms. Clarke for her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II — FAILURE TO PAY OVERTIME

56.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

57.

As all times material hereto, Ms. Clarke was misclassified as an independent contractor.

58.

At all times material hereto, Ms. Clarke has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

59.

During her employment with MPC, Ms. Clarke regularly worked in excess of forty (40) hours each week.

60.

MPC failed to pay Ms. Clarke at one and one half times her regular rate for work in excess of forty (40) hours in any week from October 14, 2011 through October 14, 2014.

61.

MPC willfully failed to pay Ms. Clarke at one and one half times her regular rate for work in excess of forty (40) hours in any week from October 14, 2011 through October 14, 2014.

62.

Ms. Clarke is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

63.

As a result of the underpayment of overtime compensation as alleged above, Ms. Clarke is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

64.

As a result of the underpayment of overtime compensation as alleged above,

Ms. Clarke is entitled to her litigation costs, including her reasonable attorney's

fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT III — FRAUDULENT FILING OF TAX INFORMATION RETURNS (MISCLASSIFICATION)

65.

The allegations in all previous paragraphs are incorporated by reference as if

fully set out in this paragraph.

66.

During each of the past six years—2009 through 2014—MPC has filed

Forms 1099-MISC with the Internal Revenue Service categorizing monies earned

by Ms. Clarke as nonemployee compensation.

67.

This characterization of Ms. Clarke's earnings as nonemployee

compensation—rather than employee compensation in a Form W-2—was false,

because Ms. Clarke was an employee of MPC and not an independent contractor.

68.

MPC intentionally, willfully, and fraudulently misclassified Ms. Clarke as an independent contractor and filed fraudulent Forms 1099 with respect to Ms. Clarke for the purpose of MPC's own enrichment, which included but was not limited to avoiding payment of minimum and overtime wages, avoiding payment of state unemployment taxes, avoiding state and federal payroll tax contributions, and avoiding state workers' compensation taxes.

69.

Pursuant to 26 U.S.C. § 7434, because of MPC's intentional, willful, and fraudulent filing of false tax information returns with respect to Ms. Clarke, she is entitled to damages up to and including any actual damages she sustained, or in any event not less than $5,000 per fraudulent filing, as well as costs of litigation and reasonable attorney's fees.

70.

Pursuant to 26 U.S.C. § 7434(d), a copy of this Complaint is being filed with the Internal Revenue Service.

## COUNT IV — FRAUDULENT FILING OF TAX INFORMATION RETURNS (MISREPORTING INCOME)

71.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

72.

During each of the past six years—2009 through 2014—MPC has filed Forms 1099-MISC with the Internal Revenue Service reporting to the IRS amounts as earned by Ms. Clarke at Strokers as nonemployee income.

73.

MPC intentionally falsified the amounts earned by Ms. Clarke at Strokers in each and every of these Form 1099-MISC.

74.

MPC filed these fraudulent Forms 1099-MISC with the Internal Revenue Service in each of the past six years with respect to payments that Ms. Clarke received at Strokers during each of those years.

75.

Pursuant to 26 U.S.C. § 7434, because of MPC's intentional, willful, and fraudulent filing of false tax information returns with respect to Ms. Clarke, she is

entitled to damages up to and including any actual damages she sustained, or in any event not less than $5,000 per fraudulent filing, as well as costs of litigation and reasonable attorney's fees.

76.

Pursuant to 26 U.S.C. § 7434(d), a copy of this Complaint is being filed with the Internal Revenue Service.

WHEREFORE, Ms. Clarke respectfully prays:

1.   That Ms. Clarke's claims be tried before a jury;

2.   That Ms. Clarke be awarded an amount to be determined at trial against MPC in unpaid minimum wages and illegal kickbacks and/or monies paid by Ms. Dean into an illegal mandatory tip pool from three years prior to the filing of this action through October 14, 2014 due under the FLSA, plus an additional like amount in liquidated damages;

3.   That Ms. Clarke be awarded an amount to be determined at trial against MPC in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

4.      That Ms. Clarke be awarded an amount no less than $5,000 for each
        IRS Form 1099-MISC filed by MPC with respect to her earnings
        within the past six years;

5.      That Ms. Clarke be awarded costs of litigation, including her
        reasonable attorney's fees from MPC; and

6.      For such other and further relief as the Court deems just and proper.

This 12th day of November 2014.

                              Respectfully submitted,


3100 CENTENNIAL TOWER                DELONG CALDWELL BRIDGERS
101 MARIETTA STREET                  & FITZPATRICK, LLC
ATLANTA, GEORGIA 30303
(404) 979-3171                       /S/ MICHAEL A. CALDWELL.
(404) 979-3170 (f)                   MICHAEL A. CALDWELL
michaelcaldwell@dcbflegal.com        GA. BAR NO. 102775
charlesbridgers@dcbflegal.com        /S/CHARLES R. BRIDGERS
                                     CHARLES R. BRIDGERS
                                     GA. BAR NO. 080791
                                     COUNSEL FOR PLAINTIFF