# ATTACHMENT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **MICHELLE CLARKE,**<br><br>**Plaintiff,**<br><br>v.<br><br>**MPC, INC. d/b/a STROKERS,**<br><br>**Defendant.** | **CIVIL ACTION NO.**<br>**1:14-cv-03650-ELR** |

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into by and between Plaintiff Michelle Clarke ("Plaintiff"), and Defendant MPC, Inc. d/b/a Strokers, its parents, subsidiaries or affiliated corporations, divisions or partnerships, individual constituents, or with any successor or assigns ("Defendant") (Plaintiff and Defendant collectively referred to as the "Parties").

WHEREAS, Plaintiff filed a civil action styled *Michelle Clarke v. MPC, Inc. d/b/a Strokers*, Civil Action No. 1:14-cv-03650-ELR, United States District Court for the Northern District of Georgia (the "Lawsuit");

WHEREAS, Defendant expressly denies that it may be liable to Plaintiff on any basis or that it has engaged in any improper or unlawful conduct or wrongdoing; and

WHEREAS, the Parties desire to resolve all matters arising out of Plaintiff's claims rather than engage in protracted and expensive litigation;

NOW THEREFORE, in consideration of the promises and mutual agreements, covenants, and provisions contained in this Agreement, the Parties agree and declare as follows:

1.     **Consideration.**  In consideration for signing this Settlement Agreement and General Release and the fulfillment of the promises herein, Defendant shall deliver payment to Plaintiff and Plaintiff's counsel pursuant to the following "Settlement Terms":

## SETTLEMENT TERMS

Total Attorneys' Fees and Costs: . . . . . . . . . . . . . . . . . . . . . . . .$10,500.00

Total Settlement Amount to Plaintiff: . . . . . . . . . . . . . . . . . . .$17,500.00

Total Settlement Amount: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$28,000.00

Length of Payments.  Six (6) months, beginning ten (10) days after Court approves Settlement Agreement.

a.     The Settlement Amount shall be disbursed as follows

- $17,500 payable to Plaintiff, with $6,000 designated as reimbursement for fees paid; $5,750 designated as W-2 wages, and $5,750 designated as 1099 Box 3 "other income."

- $10,500 designated as attorney's fees made payable to Michael A. Caldwell.

b.     The Defendant shall pay the Settlement Amount in six (6) equal monthly installments beginning ten (10) days after the Court's approval of the Settlement Agreement or receipt of the W-9 forms executed by Michael A. Caldwell whichever is later.  The Parties agree that these installment payments will be paid without interest and that the Settlement Amount shall not accrue interest.

c.     Plaintiff and Michael A. Caldwell agree to provide Defendant the requisite tax identification numbers.

d.     Defendant makes no representation with respect to any income tax consequences which may flow from the above payments. Plaintiff is solely responsible for all tax reporting obligations and for the payment of taxes which are due as a result of her receipt of the settlement payments pursuant to the terms of this Agreement, including taxes

2

which might be assessed against Defendant. Plaintiff agrees to pay all local, state and federal income taxes, penalties, interest, fines or other assessments incurred by her, if any, in connection with the payment of monies to her or her attorneys under this Paragraph. Plaintiff agrees to indemnify and hold harmless Defendant from any liability for any taxes, penalties, or interest that may be assessed by any taxing authority due to the fact that Defendant made, or failed to make, withholdings or deductions from the Settlement Agreement.

e.    Plaintiff specifically acknowledges and agrees that she has read Paragraph 1 of this Agreement, and that she agrees and consents to the payment of the described sums to her attorneys as provided in this Paragraph. Plaintiff releases, discharges, and shall hold harmless Defendant from any and all grievances, charges, suits, legal action, or claims of any nature related to the fees and costs paid to her attorney in this matter.

2.    **Withdrawal and Dismissal.**   The Parties will cooperate and take all necessary steps to effectuate final judicial approval of this Agreement. Within ten (10) days of the execution of this Agreement, the Parties will file a Joint Motion for Approval of the Settlement Agreement, which will request that the Court approve the Parties' Settlement Agreement. The Parties' Joint Motion for Approval of the Settlement Agreement shall request that the Court administratively close the Lawsuit in the event the Court approves the Settlement Agreement. After the Settlement Agreement has been approved by the Court and the Lawsuit is administratively closed, the Parties agree not to take any action to reopen the Lawsuit. Within three (3) business days of Defendant's delivery of the final Settlement Payment, the Parties will take the steps necessary to dismiss the Lawsuit with prejudice by stipulation.

3.    **No Admission of Wrongdoing.** This Agreement does not constitute an admission that any person or entity violated any local, state or federal ordinance, regulation, ruling, statute, rule of decision, or principle of common law, or that any person or entity engaged in any improper or unlawful conduct or wrongdoing. Defendant expressly denies that it violated any of Plaintiff's rights and denies it is liable to Plaintiff on any basis.

4.   **Costs and Fees**. Except as specified herein, each party will bear its respective costs and fees, including attorneys' fees incurred in the litigation of this matter.

5.   **Release of Claims.** Plaintiff and Defendant hereby mutually release and forever discharge each other and each of their affiliates, subsidiaries, parent corporations and their respective agents, present and former directors, officers, executives, employees, predecessors and/or successors in interest, attorneys, heirs and assigns, including but not limited to MPC, Inc. d/b/a Strokers, from any and all matters, claims, complaints, charges, demands, damages, causes of action, debts, liabilities, controversies, judgments and suits of every kind and nature whatsoever, as of the date of this Agreement, foreseen or unforeseen, known or unknown.

The claims, complaints and actions released include, but are not limited to, any claims Plaintiff may have relating to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the federal law requiring payment of minimum and overtime wages by employers, and for recovery of any unpaid wages, liquidated damages and related penalties under any state wage law; the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.; the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*; the False Claims Act, 31 U.S.C. § 3729 *et seq.*; the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*; or any other federal, state or local statute or ordinance, or action arising under common law, including but not limited to torts, contracts or public policy claims. Plaintiff represents that she has determined to accept this compromise in her own interest as good and adequate consideration for the waiver herein, without coercion or duress, with the understanding that her consent, the execution of this release and the Court's dismissal will extinguish all FLSA claims she may have, including claims for unpaid wages and overtime, for the three years preceding the execution of this Agreement, and any state law claims pertaining to past wages that she may have against the Released Parties.

6.   **Notice.** Any notices to be given by any party pursuant to this Agreement shall be effected by personal delivery, by email, or by U.S. Mail. Notices to Defendant shall be addressed as set forth below:

<u>For Plaintiff</u>
Michael A. Caldwell
DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin, LLC

4

3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
michaelcaldwell@dcbflegal.com

For Defendant:
Bennet D. Alsher
Ford & Harrison LLP
271 17th St. NW, Suite 1900
Atlanta, Georgia 30363
balsher@fordharrison.com

7.   **Non-Disparagement**. The Parties agree to refrain from any defamation, libel, or slander of the other, or tortious interference with the contracts and relationships of the other. Plaintiff further agrees that she will not act in any manner or publicize statements that might damage the business or reputation of Defendant. Plaintiff further agree not to write letters to, post, e-mail, or otherwise communicate with, any media organizations, publishers or publications, broadcasters, civil rights groups or organizations, Internet or chat groups, social media outlets, blogs, or any other groups or organizations of any kind whatsoever, including those on the Internet, whether directly or indirectly, personally or through friends or other individuals, describing or discussing any issue or fact or experience that was, or could have been, raised or asserted in the Lawsuit. Plaintiff specifically agrees not to disparage or cast Defendant in a negative light in any communications using any electronic service or social media service (including, without limitation, electronic mail, text message, Facebook, Twitter, LinkedIn, or MySpace).

8.   **Reinstatement**. Plaintiff acknowledges that in consideration for promises made herein, she has voluntarily severed any independent contractor and/or employment relationship that she had or may have had with Defendant. Plaintiff hereby waives any right or claim to reinstatement as a dancer and/or employee of Defendant and agrees that she will not knowingly seek or accept work and/or employment in the future with Defendant or with any of Defendant's parents, subsidiaries or affiliated corporations, divisions or partnerships, or with any successor or assign. If, through mistake or inadvertence or otherwise, Plaintiff submits any application for employment and/or independent contractor services with any of the aforementioned entities, then she shall withdraw her application

5

immediately upon notice without any recourse, legal or otherwise, and to the extent that Plaintiff has already been hired and/or has begun performing services, she will resign immediately upon notice without any recourse, legal or otherwise.

9.      **Representations and Warranties.** The Parties represent and warrant that (a) they have the full power and authority to enter into this Agreement, and (b) they have not sold, assigned, transferred, conveyed, encumbered, or otherwise disposed of an interest in any of the claims or demands relating to any subject matter covered by this Agreement.

10.     **Choice of Law**. The Parties agree that this Agreement shall be governed by and construed in accordance with the laws of the State of Georgia, without reference to or application of its choice of law principles.

11.     **Entire Agreement and Severability**. This Agreement constitutes the entire agreement between the Parties, and there are no other understandings or agreements, written or oral, among them on the subject. Separate copies of this document shall constitute original documents, which may be signed separately but which together shall constitute a single agreement. This Agreement will not be binding on any party until signed by all Parties. This Agreement shall be effective as of the date of the last signature. The Parties agree that this Agreement may not be modified, altered, amended, or otherwise changed except upon written consent by each of the Parties hereto. In the event that a court of competent jurisdiction determines that any provision of this Agreement is invalid, illegal, or unenforceable in any respect, such a determination will not affect the validity, legality or enforceability of the remaining provisions of this Agreement, and the remaining provisions of this Agreement will continue to be valid and enforceable.

12.     **Ambiguity.** Each of the Parties hereto has been represented by counsel in the negotiating and drafting of this Agreement. Accordingly, the rules of construction of contracts relating to the resolution of ambiguities against the drafting party shall be inapplicable to this Agreement.

13.     **Binding Agreement.** This Agreement will bind and inure to the benefit of the Parties and all of their heirs, executors, administrators, successors, assigns, and legal representatives, as well as all other persons in privity with them. Notwithstanding any privilege applicable to settlement proceedings, this Agreement may be introduced into evidence to prove the Parties' Agreement.

14.   **Complete Agreement.**   The Parties acknowledge that no promise or inducement has been offered except as set forth in this Agreement and that they execute this Agreement without reliance upon any statement or representation other than what is contained in this Agreement.  This Agreement constitutes the entire Agreement between the Parties with respect to the matters that it covers and supersedes all prior and contemporaneous agreements, representations and understandings of the Parties with respect to those matters.  Parol evidence will be inadmissible to show agreement by and between the Parties to any term or condition contrary to or in addition to the terms and conditions contained in this Agreement.

15.   **Voluntary Execution of Settlement Agreement.** The Parties enter into this Settlement Agreement voluntarily and without any duress or undue influence on the part or behalf of the Parties hereto, with the full intent of releasing all claims. The Parties acknowledge that:

(a)    They have read this Settlement Agreement;

(b)    They have been represented in the preparation, negotiation, and execution of this Settlement Agreement by legal counsel of their own choice;

(c)    They know and understand the terms and consequences of this Settlement Agreement and of the releases it contains; and

(d)    They are fully aware of the legal and binding effect of this Agreement.

IN WITNESS WHEREOF, the parties have executed this Agreement on the dates indicated at their respective signatures below.

## [SIGNATURES ON NEXT PAGE]

7

_____          _____
Date                                            MICHELLE CLARKE


MPC, INC. d/b/a STROKERS


_____     By: _____
Date                                            TERRI FISCHER


                                                      _____
                                                      TITLE

WSACTIVELLP:7697793.3