**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| MICHELLE CLARKE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:14-CV-03650-ELR |
| | * | |
| MPC, INC. d/b/a STROKERS, | * | |
| | * | |
| | * | |
| Defendant. | * | |

_____

**O R D E R**
_____

The Parties' to this action request the Court review and approve their Settlement and Release Agreement (Doc. No. 16). Significantly, Plaintiff's claims are brought pursuant to the Fair Labor Standards Act ("FLSA") which was enacted in 1938 for the purpose of "protect[ing] all covered workers from substandard wages and oppressive working conditions." Christopher v. SmithKline Beecham Corp., 132 S. Ct. 2156, 2162 (2012) (quoting Barrentine v. Arkansas-Best Freight Sys., 450 U.S. 728, 739 (1981)) (internal quotation marks omitted). Taking into account the disparity of bargaining power that often exists between employers and their employees, Congress made the FLSA's wage and hour limitations mandatory. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945). Thus, employers are

prohibited from negotiating agreements that require employees to waive certain minimum protections provided for by the FLSA. Id.

In this Circuit, courts have acknowledged that there are "only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1352–53 (11th Cir. 1982). The first exception, which is inapplicable to this case, involves actions taken by the Secretary of Labor. Id. at 1353. The second route, on the other hand, permits the presentation of a proposed settlement agreement to a district court when an employee brings a private action for back wages pursuant to 29 U.S.C. § 216(b). If, after scrutinizing the settlement, the district court determines that it "is a fair and reasonable resolution of a bona fide dispute of FLSA provisions[,]" the court may enter a stipulated judgment. Id. at 1355. In this context—when the employee is represented by counsel—there is some assurance that the employee's rights under the statute will be protected, and "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." Id. at 1354. Relevantly, Plaintiff is represented by counsel in the present action.

After reviewing the Parties' Settlement and Release Agreement, the Court finds there is a bona fide dispute regarding claims arising under the FLSA, and the proposed settlement agreement submitted by the Parties is a fair and reasonable resolution to this action. Additionally, the Court agrees with the Parties that the settlement proceeds allotted to back pay are a fair approximation of Plaintiff's

potential recovery had she prevailed at trial. Although Defendant disputes Plaintiff's allegations of wrongdoing, the Parties engaged in an arms-length settlement negotiation and eventually agreed upon a fair resolution to this dispute.

Accordingly, the Parties' Joint Motion for Approval of Settlement and Release Agreement (Doc. No. 16) is **GRANTED**. The settlement agreement is thus **APPROVED**, and the Parties are **DIRECTED** to file a stipulation of dismissal by February 1, 2016. The Clerk is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case and, if the Parties fail to file a stipulation of dismissal by the previously established deadline, **DISMISS** this case **WITH PREJUDICE**.

**SO ORDERED**, this 22nd day of July, 2015.

*Eleanor L. Ross*
ELEANOR L. ROSS
UNITED STATES DISTRICT JUDGE